**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMAR CLANTON, BRIAN FRITZLER, and JONATHAN MEYERS,<br><br>    Plaintiffs,<br><br>v.<br><br>VCNA PRAIRIE, INC. and RICHARD OLSEN, individually,<br><br>    Defendants. | Case No. 1:12-cv-06611<br><br>Judge Ruben Castillo<br><br>Magistrate Judge Jeffrey Gilbert |

**DEFENDANT VCNA PRAIRIE'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS COUNT III OF THE COMPLAINT**

Defendant VCNA Prairie, Inc. ("Prairie"), by its undersigned counsel, submits this Brief in support of its Motion to Dismiss Count III of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

On August 17, 2012, Plaintiffs Jamar Clanton ("Clanton"), Brian Fritzler ("Fritzler"), and Jonathan Meyers ("Meyers") (collectively "Plaintiffs") filed a Complaint asserting three causes of action. In Count III, Plaintiffs claim that Prairie failed to compensate them at a prevailing wage in violation of the Illinois Prevailing Wage Act, 820 ILCS 130/1 *et seq.* ("IPWA").[1] The Court should dismiss Count III with prejudice pursuant to Rule 12(b)(6) because Plaintiffs fail to state a claim for violation of the IPWA.

---

[1] Counts I and II allege violations of the Fair Labor Standards Act and Illinois Minimum Wage Law and are not the subject of this Motion.

**FACTUAL BACKGROUND**[2]

As alleged by Plaintiffs, Prairie is a material supply company. (Compl. ¶ 16.) Plaintiffs were previously employed in Prairie's quality control department. (Compl. ¶¶ 6, 8, 10.)

**ARGUMENT**

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a pleading may be dismissed for failure to state a claim upon which relief may be granted. While a complaint need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action will not do; factual allegations must be enough to raise a right to relief above the speculative level. *Id.* A complaint does not suffice if it tenders naked assertions devoid of further factual enhancement. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 570).

## II.  COUNT III MUST BE DISMISSED BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE ILLINOIS PREVAILING WAGE ACT

Plaintiffs allege in Count III of their Complaint that Prairie failed to compensate them at a prevailing wage as required by the IPWA. Plaintiffs' claim must be dismissed because (1) under Plaintiffs' own allegations, Prairie is exempt from coverage under the Act, and (2) Plaintiffs failed to plead any facts supporting a claim under the IPWA.

---

[2] For purposes of this Motion, Prairie assumes that the facts as pleaded in the Complaint are true. Defendant, however, reserves the right to dispute those facts in later proceedings.

### A. A "Material Supply Company" is Not Covered under the IPWA.

Plaintiffs' own assertions doom their IPWA claim. The IPWA mandates that laborers, workers and mechanics employed by or on behalf of any public bodies engaged in public works must be compensated at or above the prevailing hourly rate for work of a similar character in the locality where the work is performed. 820 ILCS § 130/1. However, the IPWA only extends to laborers, worker and mechanics "directly employed by contractors or subcontractors in actual construction work on the site of the building or construction job." 820 ILCS § 130/3. Importantly here, the statute specifically exempts from coverage "the transportation by the sellers and suppliers or the manufacture or processing of materials or equipment." 820 ILCS § 130/3 (emphasis added).

A "material supply company", which Plaintiff alleges Prairie to be, (Compl. ¶ 16) falls within the ambit of Section 103/3 and is therefore not covered under the prevailing wage requirements of the IPWA. 820 ILCS § 130/3; *Sparks & Wiewel Const. Co. v. Martin*, 250 Ill. App. 3d 955, 966, 620 N.E.2d 533, 541 (4th Dist. 1993) ("Under the plain language of the statute, only those *employed by contractors or subcontractors* in construction work and transportation of materials to or from the project site must be paid prevailing wages. Those engaged in transportation *by sellers and suppliers of materials* are expressly excluded from the coverage of the Wage Act." (emphasis in original)). Accordingly, Count III must fail because Plaintiffs have alleged that Prairie is exempt from coverage under the IPWA.

### B. Plaintiffs failed to plead the elements necessary to state an IPWA claim.

Count III must be dismissed under Rule 12(b)(6) for the separate and additional reason that Plaintiffs fail to assert any facts necessary to establish that Plaintiffs are entitled to compensation at a prevailing rate. Indeed, Plaintiffs do not even allege that they were "laborers,

workers, or mechanics." They allege only that Plaintiffs worked in Prairie's "quality control department." (Compl. ¶ 17.) This description offers no insight into Plaintiffs' job function. Moreover, Plaintiffs fail to identify a job classification, as promulgated by the Illinois Department of Labor, under which they might be entitled to a prevailing wage, or the applicable wage for these employees.

Furthermore, Plaintiffs fail to allege how working in the "quality control department" of a "material supply company" qualifies as construction work under the Act. (Compl. ¶¶ 16, 17, 39.) Again, they provide no description of the responsibilities that this work entailed or how that work fits into the definition of "construction work." Nor do they offer any factual basis that would suggest they performed construction work for contractors or subcontractors. Plaintiffs' lone assertion that they "performed work on public works" is vague and insufficient to maintain a claim under the IPWA.

Plaintiffs are obligated to provide grounds for their entitlement to relief beyond mere "labels and conclusions." *Twombly*, 550 U.S. at 555. Because Plaintiffs provide nothing more than labels and conclusions in support of their IPWA claim, Count III should be dismissed for failure to state a claim.

## CONCLUSION

Plaintiffs have not provided this Court with any basis to find that the IPWA is applicable, much less that it was violated. Defendant Prairie respectfully requests that the Court enter an order dismissing with prejudice Count III of the Complaint and granting all further appropriate relief.

          Respectfully submitted,

          VCNA PRAIRIE, INC.


          By:   /s/ Nora Kersten Walsh
                One of Its Attorneys

Patricia Costello Slovak (ARDC# 2634929)
Nora Kersten Walsh (ARDC# 6277774)
Alexis M. Dominguez (ARDC# 6305754)
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL  60606
(312) 258-5500

Dated:  September 26, 2012

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on September 26, 2012, she caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record.

/s/ Nora Kersten Walsh

11815154_1