UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMAR CLANTON, BRIAN FRITZLER, and JONATHAN MEYERS, ) ) ) Plaintiffs, ) ) v. ) ) VCNA PRAIRIE, INC., and RICHARD OLSEN, ) ) ) Defendants. ) | No. 12 C 6611<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jamar Clanton, Brian Fritzler, and Jonathan Meyers (collectively, "Plaintiffs") bring this action against VCNA Prairie, Inc. ("Prairie") and Richard Olsen asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1 *et seq.*, and the Illinois Prevailing Wage Act ("IPWA"), 820 Ill. Comp. Stat. 130/1 *et seq.* Presently before the Court is Prairie's motion to dismiss Count III of the Complaint, the alleged violation of the IPWA. (R. 16, Def.'s Mot.) For the reasons set forth below, Prairie's motion is granted.

## RELEVANT FACTS

Prairie is a material supply company that does business in Illinois. (R. 1, Compl. ¶¶ 11, 16.) Olsen is the President of Prairie. (*Id*. ¶ 13) Plaintiffs were formerly employed as Technical Services Field Supervisors in Prairie's quality control department. (*Id.* ¶ 17.) Plaintiffs allege that in that role, they were "engaged in the production of goods that [were] used in interstate commerce." (*Id.* ¶¶ 6, 8, 10.) Plaintiffs allege that Prairie required them to work a minimum of 50 hours per week and that they regularly worked in excess of 50 hours per week. (*Id.* ¶ 23.)

1

Plaintiffs also contend that they were not paid overtime wages of one and one-half times their regular hourly rate as required by the FLSA and the IMWL, nor were they paid the prevailing hourly wage for the type of work in which they were engaged as required by the IPWA. (*Id*. ¶¶ 24-25, 35, 38-40.)

## PROCEDURAL HISTORY

On August 18, 2012, Plaintiffs filed the present action. (R. 1, Compl.) In Count I, Plaintiffs allege violations of the FLSA. (*Id*. ¶¶ 19-27.) In Count II, they allege violations of the IMWL, (*id.* ¶¶ 28-36), and in Count III, Plaintiffs allege violations of the IPWA, (*id.* ¶¶ 37-43). On September 26, 2012, Prairie moved to dismiss Count III of the Complaint for failure to state a claim. (R. 16, Prairie's Mot. ¶ 2.) Prairie's motion to dismiss is presently before the Court.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief can be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). In ruling on a motion to dismiss, the Court construes the complaint "in the light most favorable to the nonmoving party, accept[ing] well-pleaded facts as true, and draw[ing] all inferences in [their] favor." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). To survive a motion to dismiss for failure to state a claim, the complaint must overcome "two easy-to-clear hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests"; and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level[.]'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). "Plausibility" in this context does not imply that a court "should decide whose version to believe,

or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Rather, to survive a motion to dismiss under Rule 12(b)(6), the "plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Id*.

**DISCUSSION**

Prairie seeks to dismiss Plaintiffs' IPWA claim. Prairie contends that, by Plaintiffs' own characterization of Prairie as a "material supply company," it is exempt from the prevailing wage requirements of the IPWA, 820 Ill. Comp. Stat. § 130/3. (R. 18, Prairie's Mem. at 3.) Prairie also argues that Plaintiffs fail to plead facts sufficient to support an IPWA claim because they fail to: (1) allege that they were "laborers, workers, or mechanics," which are the job categories the IPWA applies to; (2) identify a job classification under which they would be entitled to a prevailing wage and the prevailing wage for that classification of employees; and (3) explain how working in the quality control department qualifies as construction work under the IPWA. (*Id.* at 3-4.) Plaintiffs argue that a material supply company can be subject to the IPWA in certain situations, such as when its employees handle the material onsite. (R. 20, Pls.' Resp. at 3-4.) Plaintiffs also argue that the Complaint gives the defendants fair notice of the claim in Count III and the grounds for it, and that it is therefore sufficient to survive a motion to dismiss. (*Id.* at 3-4) (citing *Swanson*, 614 F.3d at 404).

The purpose of the IPWA is to ensure that "all laborers, workers and mechanics employed by or on behalf of any and all public bodies engaged in public works" are paid "a wage of no less than the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed." 820 Ill. Comp. Stat. 130/1. Section 3 of the IPWA specifies that the prevailing wage requirement only applies to (1) "such laborers, workers and

mechanics as are directly employed by contractors or subcontractors in actual construction," and (2) "laborers, workers and mechanics engaged in the transportation of materials and equipment to or from the site." *Id.* The statute specifically excludes workers who are involved in "the transportation by the sellers and suppliers or the manufacture or processing of materials or equipment." *Id.*

Plaintiffs do not claim to have been "directly employed by contractors or subcontractors in actual construction," *id.*, nor do they claim to have been "engaged in the transportation of materials and equipment to or from the site," *id.* Rather, Plaintiffs allege that they were engaged in the production of goods at a material supply company. (R. 1, Compl. ¶¶ 6, 8, 10, 16.) Thus, the IPWA appears to explicitly deny Plaintiffs' claim of entitlement to a prevailing wage. Ill. Comp. Stat. 130/3 (excluding workers involved in "the manufacture or processing of materials or equipment"). Plaintiffs argue that the statutory exclusion does not apply where a supplier's employees handle material at the job site itself. (R. 20, Pls.' Resp. at 3.) Plaintiffs point out that in *Sparks & Wiewel Construction Co. v. Martin*, an Illinois Appellate Court held that truck drivers who were employed to deliver materials to a public works construction site were not covered by the IPWA because, among other reasons, the truckers "did not get out of their truck and spread the material." (*Id.* at 2-3) (quoting *Sparks*, 620 N.E.2d 533, 541 (4th Dist. 1993)). Plaintiffs assert that employees of suppliers and manufacturers are covered by the IPWA if they handle material on the job site. (*Id.* at 3.)

Plaintiffs ignore the clear holding in *Sparks*, which is that "only *employees of contractors or subcontractors* are covered by the [IPWA]. Suppliers or sellers engaged in the transportation of materials are excluded." 620 N.E.2d at 542. The *Sparks* court denied the truck drivers' IPWA claims because, as employees of a materials supplier rather than a contractor or sub-

4

contractor, they "fell specifically within the exemption" identified in the statute. *Id*. at 541. Plaintiffs were, by their own allegations, employees of a materials supplier, and thus they likewise fall within this exemption.

Because Prairie is clearly exempt from the IPWA, the Court does not address whether Plaintiffs have pled Count III of their complaint in sufficient detail. The facts Plaintiffs did plead demonstrate that they are not entitled to relief pursuant to the IPWA. *See Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 759 (7th Cir. 2002) (affirming the district court's dismissal where the plaintiff had attached a document to his pleadings which showed he was not entitled to relief). Accordingly, the Court dismisses Count III with prejudice.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss Count III (R. 18) is GRANTED. The parties are requested to fully exhaust all settlement possibilities for the issues that remain. A status hearing will be held on February 5, 2013, at 9:45 a.m.

ENTERED: *[signature]*
              **Judge Ruben Castillo**
              **United States District Court**

**Dated: January 22, 2013**